## UNITED STATES *v.* MILLER.

(*District Court, S. D. New York.* January 9, 1886.)

1. SUPERVISING INSPECTORS—AUTHORITY TO MAKE RULES — LIGHTS—REV. ST. § 4405—AMENDMENT OF FEBRUARY, 1885, VOID.

    The supervising inspectors of steam-vessels have no authority, under section 4405 of the Revised Statutes, to establish regulations to be observed by vessels, except such as relate to carrying out some of the provisions of title 52. The subject of *lights* to be carried by barges, or other vessels, is not included in any of the provisions of title 52, but is regulated by title 48. *Held,* therefore, that the amendment made February, 1885, to section 20 of general rule 3 of the supervising inspectors, requiring barges in tow to carry a red and a green light, is unauthorized and void.

2. SAME—BARGES—RULE 8, SECTION 4233—PENALTIES—REV. ST. § 4500—CASE STATED.

    The master of the coal-barge R. I. was sued for a penalty of $500, under section 4500, for not carrying colored lights, as prescribed by the amendment to the supervising inspectors' rules passed February, 1885. *Held,* that barges that have neither sails nor masts are not "sail-vessels" within rule 8, § 4233, nor required under any statutory authority to carry colored lights; and for not doing so are not liable to the penalties prescribed by section 4500.

Action to recover fine.

*John Proctor Clarke,* for the United States.

*Platt & Bowers,* for defendant.

BROWN, J. This action is brought under section 4500 of the Revised Statutes to recover a fine of $500 from the master of the coal-barge Rhode Island for not carrying red and green lights on the night of May 4, 1885, while in tow of the steam-tug Narragansett, as prescribed by the amendment made in February, 1885, to section 20 of general rule 3 prescribed by the supervising inspectors. That amendment is as follows:

"All barges in tow of steamers, (except upon the Red River of the North, and rivers whose waters flow into the Gulf of Mexico,) between sunset and sunrise, shall have their signal lights, as required by law, placed in a suitable manner on the bows of the outside forward boats,—namely, a green light on the starboard bow of the starboard barge, and a red light upon the port bow of the port barge,—when two or more barges are being towed side by side. Said lights shall not be less than ten feet above the surface of the water. When being towed singly, said barge shall have the red and green lights as required by law; said lights not to be less than ten feet above the water."

By the agreed statement of facts, it appears that the barge Rhode Island is not a canal-boat, but a barge proper, enrolled as such, and licensed to carry freight and not passengers. She belongs to the Eastern Transportation Line,—a line for many years engaged in the transportation business, and towing, by means of tugs belonging to the company, their own barges and the barges of others. They run from New York to various ports upon the Sound and upon the coast, —such as New Haven, New London, Providence, New Bedford, Boston, and Newport News. The barges in question are single-decked boats; when loaded the deck is about six feet above the water-line. They are usually towed upon hawsers, one behind the other, from

three to four in a line. That is the only safe way of towing at sea, or upon the Sound, in the rough weather to which they are exposed. The sea in such weather washes over the decks without doing the boats any injury, there being a pilot-house aft of amid-ships above the deck, from which the barges are steered.

For 15 years it has been the established custom to tow barges in this manner. The tug carries the two colored side-lights, and the two vertical white lights, as prescribed by rule 4 of section 4233 of the Revised Statutes. None of the rules of the Revised Statutes prescribe any lights for such barges in tow. Rule 8 of section 4233 provides that "*sail-vessels* under way, or being *towed,* shall carry the same lights as steam-vessels under way, with the exception of the white mast-head lights, which they shall never carry." These barges are not sail-vessels; they have no masts nor sails, nor any propelling power of their own. Their decks also are closed tight; so that they do not come within rule 12 or rule 13, nor within any other provision of the statute as regards lights. For the past 15 years, however, it has been the established custom for such barges to carry two vertical white lights, about two feet apart, attached to the flag-staff a little aft of amid-ships; the lower light being about 14 feet above the deck and about 20 feet above the water-line. This custom was adopted by the owners of this line, and by others engaged in similar business, from a rule formerly applicable to a steamer at sea when in tow of another, as a signal indicating a tow to all other approaching vessels, and as a signal not likely to be confounded with any other signal. The tow in this case set their lights in accordance with this long-established custom. There were four barges in a single line, one behind the other, attached by hawsers; the first barge was about 720 feet behind the tug, and the three other barges about 600 feet apart. Each barge carried two white vertical lights on the flag-staff, visible for about 5 miles around the horizon, and no other lights. This practice having being long followed, being widely known and understood, and successful in avoiding accidents, through its clear and unmistakable indication of a tow from each barge, the owners, believing that the new rule above quoted, adopted by the supervising inspector in January, 1885, was mischievous, and likely to lead to disasters, and as not within the powers committed to the inspectors by law, have refused to observe it; and this suit has been instituted to test its validity.

1. The only section of the Revised Statutes claimed to confer the power upon the supervising inspectors to pass this rule, or regulation, is section 4405. That section provides that they "shall establish all necessary regulations required to carry out, in the most effective manner, the *provisions of this title,* and such regulations, when approved by the secretary of the treasury, shall have the force of law." This section is a part of title 52, which concerns the "regulation of steam-vessels," and consists of two chapters; the first relating to

"inspection," embracing sections 4399–4462, inclusive, and the second, relating to "transportation of passengers and merchandise," which embraces sections 4463–4500, inclusive. It is not to be supposed that sections 4404 and 4405, in providing that the board of supervising inspectors "shall establish all necessary regulations required to *carry out* in the most effective manner the *provisions* of this title," intended to confer upon that board any general power of legislation upon the subjects of the title beyond the "provisions" and objects specified in a general way in some of the sections of that title; much less was it the purpose of the law to authorize them to make regulations upon subjects not included within that title at all.

The general provisions of title 52 are very numerous and cover a multitude of subjects. The duties of the board in carrying out these general provisions are very varied. The manifest object of section 4405 is, as its very language imports, to secure, "in the most effective manner," a compliance with the various general provisions of title 52; and for that purpose it authorizes the board to establish all necessary regulations to carry out those specific provisions. It clearly confers no power upon the board to establish regulations upon any other subjects than those named in this title; much less, to enact virtual legislation upon other subjects not named. Regulations established in pursuance of the authority committed to the board, when approved by the secretary, have the force of statute. Section 4412 expressly authorizes the board to establish "regulations to be observed by all steam-vessels in passing each other." The board has accordingly established such regulations by prescribing the direction in which vessels meeting shall go, and the signals to be given by whistles. These regulations, when not inconsistent with the specific statutory rules, are held valid and enforced. *The Grand Republic,* 16 Fed. Rep. 424, 427; *The B. B. Saunders,* 19 Fed. Rep. 118, 121. So far as they may be in conflict with the statutory provisions, they are null and void. *The Atlas,* 4 Ben. 28, 30; *The Milwaukee,* 1 Brown, Adm. 313, 321; *The American Eagle,* 1 Low, 425, 427. In the case of *The Eleanora,* 17 Blatchf. 88, 102, Chief Justice WAITE observes that "the supervising inspectors have no power to prescribe rules which would have the force of law, for the government of *sailing vessels.*" This, in effect, covers the present case; because it excludes all general power beyond that specifically given to the board in respect to "steam-vessels" under section 4412.

The only "provision of this title" that refers to barges *eo nomine* is section 4492. That section provides that "every barge carrying passengers while in tow of any steamer shall be subject to the provisions of this title relating to fire-buckets, axes, life-preservers, and yawls, to such extent as shall be prescribed by the board of supervising inspectors." This barge, however, was not employed in carrying passengers; and the subjects mentioned in this section, and to which the section is limited, do not include *lights.* Section 4412 au-

thorizes the board to establish such "regulations to be observed by all *steam-vessels in passing each other,* as they shall from time to time deem necessary for safety." But barges are not steam-vessels; neither is the new regulation requiring colored lights to be carried on barges "a regulation to be observed by steam-vessels in passing each other;" so that section 4412 has no application to the present case, and it is not contended that it has. There is no provision in any of the other sections of title 52 that in any way refers to the subject of the lights required to be carried by vessels or barges under way, or that by any stretch of construction could be deemed to include the subject of lights. On the other hand, the lights required to be carried by vessels are a distinct and separate subject of legislation, in a distinct title, namely, title 48, *c.* 5, § 4233. Nothing in that title gives any power to the supervising inspectors to add to those requirements. It is impossible, as it seems to me, to extend the language of section 4405 so as to make the provisions of title 52 apply beyond the specific provisions of that title, and the subjects mentioned in it; or so as to authorize what is, in effect, additional legislation upon the subject of lights,—an independent subject, treated by congress independently, and in a different title. The amendment of February, 1885, I must therefore, hold to be beyond the powers of the board, and void.

2. The language of the new amendment is so ambiguous that it is doubtful whether it would support any action for a penalty, even if the amendment were within the scope of the powers of the board. The first sentence refers to barges towed abreast of each other, and says they shall have their signals, *as required by law,* placed in a suitable manner, etc. The last sentence of the regulation refers to a barge "when towed singly," and says that "said barge shall have the red and green light *required by law,* etc., not to be less than 10 feet above the water." Both these clauses seem to assume that the existing law required these colored lights upon barges. Read literally, neither clause provides for any lights not already "required by law;" but only regulates the manner of carrying such lights as are "required by law." This surmise has some support in a ruling which is said to have been made by the treasury department on July 28, 1882, holding that "barges" come within rule 8 of section 4233, as "sail-vessels," and that barges are therefore required, when towed, to carry colored lights. But, by the agreed state of facts in this case, it is manifest that the barges in question are not "sail-vessels," and are not within rule 8; for they have neither masts nor sails, nor any means of propulsion of their own. As there are no provisions of law which require lights upon such barges, the amendment of 1885, literally construed, would therefore fail of any effect, through its own limitations.

Again, the new regulation provides only for barges towed "side by side," and for a barge "when being towed singly." The present case is neither the one nor the other. Capt. Miller, the defendant, was

in charge of the forward barge in a line of four, all towed in single file by the Narragansett. If the forward barge can, by any supposed intention, be construed as within the phrase "being towed singly," —that is, as distinguished from being towed "side by side,"—then the last clause would require that each one of the four should also have the red and green lights. But this is in evident conflict with the apparent analogy of the first clause, which seems intended to include the case of not merely one tier of barges side by side, but cases where there may be more than one tier, or even several tiers, side by side, as is usual in large tows of canal-boats. In such cases, the first clause of the new rule requires the colored lights on the bows of the "outside forward boat" only, not upon the outside of any of the following boats. Again, it is impossible to tell whether or not this amendment is designed to apply to barges towed along-side of tugs. Single barges are often towed in that way. The language of the last clause of the amendment is apparently as applicable to a single barge towed along-side as to a single barge towed upon a hawser astern.

It is unnecessary to consider the advantages or disadvantages that might attend the attempt to observe this new rule. In a line of four barges, as in this case, if the regulation were valid, and if all the four that were in tow, one after another, were required to exhibit these colored lights, the regulation would manifestly tend to produce confusion, and be liable to lead to disaster, as the defendant contends. The barges are usually towed upon hawsers separating them from each other and from the tug from 600 to 800 feet. Each barge after the first would be likely to be mistaken by other vessels for independent vessels bound to keep out of the way under the statutory rules, as circumstances might arise; because, under many circumstances, there would be no lights visible to others to indicate that the rear barges were not independent vessels. This case presents no analogy to a sail-vessel in tow of a steamer, which is required by rule 8 to carry colored lights; because there is no such common practice of towing a long line of sail-vessels on a hawser one after the other as is practiced with barges. The white lights on the steamer ahead indicate a tow, and the tow is seen in the colored lights on the sail-vessel behind, and there is no confusion. But several in line, like the barges in this instance, all carrying colored lights, and the hindmost nearly a half mile astern of the tug, would often, in thick weather, appear as independent vessels, when the steamer's white lights could not be seen, even if the present rule were well understood and attempted to be followed. Without pursuing this matter further, however, I am of opinion that the regulation of lights is not within the subjects committed to the board of supervising inspectors.

I greatly doubt, moreover, whether section 4500 authorizes a penalty for non-observance of a regulation of the supervising inspectors. The penalty is prescribed for a violation of "any provision of this title;" that is, a violation of some obligation created directly by that

title.   This construction is sustained by the fact that many sections of this title provide specific, and, for the most part, much less severe, penalties for the violations of the regulations which the inspectors are authorized to make.   See sections 4413, 4454, 4492.

The complaint must be dismissed.

---

(January 19, 1886.)

Upon appeal to the circuit court, the judgment was affirmed by the following memorandum:

WALLACE, J.   I agree with the district judge in his conclusion that the amended rule of the board of supervising inspectors of February, 1885, (section 20, rule 3,) prescribing the character and location of signal lights to be carried by all barges in tow of steamers, is not a regulation to be observed by steam-vessels in passing each other, and is beyond the competent authority of the board of inspectors to establish.

The judgment of the district court is affirmed.